UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN C. CRONIN, JR.,

                Plaintiff,

  -against-

NORTH FERRY CO., INC.,

                Defendant.
----------------------------------------------------------X

For Online Publication Only

FILED
CLERK
8/2/2018 3:46 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-CV-4694 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Presently before the Court is a motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure submitted by defendant North Ferry Co., Inc. ("Defendant"). *See* Motion, Docket Entry ("DE") [39]. Plaintiff John C. Cronin, Jr. ("Plaintiff") commenced this action pursuant to the Jones Act, 46 U.S.C. § 688, to recover damages for personal injuries he suffered on September 20, 2014 while working as a captain of Defendant's vessel. Defendant conceded liability, leading to a jury trial on damages only. After that trial, the jury, on October 27, 2017, returned a verdict in the total amount of $106,627.[1] This amount included $30,000 for pain and suffering and $76,627.01 for past loss of earnings to the date of trial, but the jury awarded no damages for future pain and suffering or loss of earnings. Judgment was entered on October 27, 2017. *See* DE [34].

      Defendant now seeks an order reducing the judgment for past loss of earnings by the amount of payments made to Plaintiff as advances against a lost earnings claim. Defendant made payments from December 6, 2014 to August 7, 2015 totaling $28,390.40, and argues that the past lost earnings award of $76,627.01 should be reduced by that amount, leaving an award of $48,236.61. Plaintiff does not dispute that he received the payments, but rather suggests that

---

[1] The trial was conducted before United States District Judge Leonard D. Wexler. The case was re-assigned to the undersigned on April 10, 2018.

Defendant is not entitled to any offset because no evidence of the payments was put before the jury.

The Court determines that no offset is warranted because the jury award did not include lost earnings suffered prior to August 8, 2015. The jury was specifically instructed that "Plaintiff seeks an award for past loss of earnings from August 8, 2015 to trial, and future loss of earnings from the date of trial forward." There was no objection to this instruction. The advance payments made to Plaintiff were completed by August 7, 2015. Since the jury instruction expressly directed the jury to determine past loss of earnings only from August 8, 2015 forward, damages for the period of time covered by the advance payments were not considered by the jury and played no part in its award.

The verdict sheet asked the jury to "[s]tate the damages, if any, for the injuries sustained by plaintiff to date" and on the line indicating "Past Loss of Earnings," the jury entered $76,627.01. The parameters for determining damages had already been explained to the jury, and copies of the instructions were provided during deliberations. The lack of a verbatim repetition of the parameters in the interrogatory does not render it inconsistent with the instruction given. *See, e.g., Spinelli v. City of New York*, No. 02 CIV. 8967, 2011 WL 2802937, at *6 (S.D.N.Y. July 12, 2011) (verdict sheet was not inconsistent with charge where former asked what damages collectively had been suffered since "[w]hat comprised those damages had already been explained in the jury charge and made clear during the trial"). Moreover, neither party objected to any potential inconsistency and the "failure to bring alleged inconsistencies in the verdict sheet to the court's attention before the jury has been discharged waives the right to have the alleged inconsistencies remedied by a new trial." *U.S. Football League v. National Football League,* 842 F.2d 1335, 1367 (2d Cir.1988).

2

Accordingly, Defendant's motion to alter the judgment, DE [34], is denied.

**SO ORDERED.**

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

Dated: August 2, 2018
      Central Islip, New York